**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ANDREA L. SMITH,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY, et al.,**<br><br>**Defendants.** | **Civ. No. 24-1455 (ADC)** |

**OPINION AND ORDER**

## I. Introduction

Before the Court are two dueling motions for summary judgment, one filed by plaintiff Andrea L. Smith ("plaintiff") and the other by defendants the Puerto Rico Aqueduct and Sewer Authority ("PRASA") and its insurer, MAPFRE PRAICO Insurance Company ("MAPFRE" and together with PRASA, "defendants"). **ECF Nos. 19, 20**. Plaintiff's motion seeks partial summary judgment adjudicating PRASA's liability for the damages she suffered when she injured her ankle by tripping while walking on a sidewalk with an uncovered water meter. **ECF No. 19**. Defendants' motion seeks the complete dismissal of the action for want of subject-matter jurisdiction—specifically, because plaintiff's purported damages do not exceed the $75,000 threshold required for diversity jurisdiction. **ECF No. 20**. The parties each responded to the other's motion, **ECF Nos. 22, 23**, and plaintiff filed a reply in support of her motion, **ECF No. 24**.

This Opinion and Order concerns plaintiff's motion (**ECF No. 19**). For the reasons set forth below, the Court **DENIES** the motion.

## II. Legal Standard

Through summary judgment, courts "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992). A court may grant summary judgment only when the pleadings and the evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Sands v. Ridefilm Corp.*, 212 F.3d 657, 660 (1st Cir. 2000). A factual dispute is "genuine" if it could be resolved in favor of either party; it is "material" if it potentially affects the outcome of the case. *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 83 (1st Cir. 2016); *Calero-Cerezo v. U.S. Dep't of Justice,* 355 F.3d 6, 19 (1st Cir. 2004). Although the court states the facts in the light most favorable to the party against whom summary judgment is sought, the court is still required "to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." *Adria Int'l Grp., Inc. v. Ferre Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001) (citation omitted). "Where . . . a district court rules simultaneously on cross-motions for summary judgment, it must view each motion, separately, through this prism." *Est. of Hevia v. Portrio Corp.*, 602 F.3d 34, 40 (1st Cir. 2010) (citing *Blackie v. Maine,* 75 F.3d 716, 721 (1st Cir.1996)).

The court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." *Reeves v. Anderson Plumbing Productions Inc.*, 530 U.S.

133, 135 (2000). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are functions of a jury, not of a judge. *See id.*

It is a "bedrock principle that a party opposing summary judgment must adduce specific evidence sufficient to create a genuine issue of material fact." *Rodríguez v. Encompass Health Rehab. Hosp. of San Juan, Inc.*, 126 F.4th 773, 777 (1st Cir. 2025). Local Rule 56(c) states, in pertinent part, that "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts" in which it "shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts." L. Civ. R. 56(c). The opposing party may also include a "separate section [of] additional facts" which must comply with Local Rule 56(e). *Id.* Local Rule 56(e), for its part, provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. . . . The court shall have no independent duty to search or consider any part of the record not specifically referenced by the parties' separate statement of facts." L. Civ. R. 56(e). This is known as an "anti-ferret rule," which is "intended to protect the district court from perusing through the summary judgment record in search of disputed material facts and prevent litigants from shifting that burden onto the court." *López-Hernández v. Terumo Puerto Rico LLC*, 64 F.4th 22, 26 (1st Cir. 2023). Litigants ignore the anti-ferret rule at their peril. *Rodríguez-Severino v. UTC Aerospace Sys.*, 52 F.4th 448, 458 (1st Cir. 2022). In the end, the nonmoving party is required to demonstrate "through submissions of

evidentiary quality that a trial worthy issue persists." *Iverson v. City of Boston*, 452 F.3d 94, 108 (1st Cir. 2006).

## III. Factual Findings

The Court draws the following factual findings from the parties' admissions on the record and those statements of proposed facts submitted by the parties that comply with L. Civ. R. 56. *See CMI Capital Market Inv. v. González-Toro*, 520 F.3d 58, 62 (1st Cir. 2008). Included below are those proposed facts that the Court has deemed both material and uncontested for purposes of summary judgment. Any proposed fact not included below is to have been deemed immaterial or contested.[1]

On January 18, 2024, at approximately 4:30pm, plaintiff was on vacation and walking west to east along a sidewalk in Loíza Street in San Juan, Puerto Rico. P-SUMF, ¶ 1-2. While walking in front of *Il Patio Di' Luigi*, a restaurant located at 1756 Loíza Street, plaintiff stepped with her right foot into an uncovered water meter box and fell. *Id.*, at ¶¶ 3. Plaintiff had not seen

[1] Plaintiff's proposed statement of uncontested material facts ("SUMF") is found at **ECF No. 19-1**. Plaintiff also submitted an unsworn statement under penalty of perjury in support of an additional statement of uncontested material facts ("ASUMF"), made in response to defendant's own motion for summary judgment. **ECF No. 22-2**. As to defendants, they inexplicably failed to file an opposing statement of material facts as a separate document, choosing instead to include it within its opposition to plaintiff's motion for summary judgment. **ECF No. 23** at 4-5. Defendants also seem to have included additional facts within this section of their opposition. *Id.*, at 4 ¶¶ 1-4. This contradicts the clear directives of L. Civ. R. 56(c), which plainly require that "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts." L. Civ. R. 56(c). A simple cut-and-paste of these two pages into a separate document would have likely brough defendants' factual submission in compliance with the Rule, but it appears that no effort was displayed towards compliance. Accordingly, the Court will disregard these non-compliant portions of defendants' summary judgment opposition. *Cf. Quintana-Dieppa v. Dep't of Army*, 130 F.4th 1, 8 (1st Cir. 2025).

any markings on the ground around the area. *Id.*, at ¶ 3. Plaintiff suffered an avulsion fracture of the lateral malleolus of her right fibula. *Id.*, at ¶ 5.

On April 18, 2024, plaintiff notified PRASA of her accident with the open water meter through certified mail. SUMF at ¶ 6. On September 26, 2024, she filed the above-captioned complaint. *Id.*, at ¶ 7. PRASA produced to plaintiff an investigative report signed by Ms. Laiza Marie Pizarro-Santiago, dated March 7, 2025. *Id.*, at ¶¶ 8; **ECF No. 19-7**. Ms. Pizarro is a Technical Support Professional for PRASA. **ECF No. 19-10** at 2, ¶ 3. The report indicates that the site of the incident was inspected on December 10, 2024, that a water meter box belonging to PRASA was missing its cover and filled with compacted sand, and the deficiency was notified to PRASA's department of customer service. SUMF at ¶ 9; **ECF No. 19-7** at 2, ¶ 7. As of November 13, 2025, the water meter box remains uncovered. SUMF at ¶ 17.

During the past five years, PRASA has not had an inspection and maintenance schedule and/or protocols for the water meters in San Juan. *Id.*, at ¶ 15. Neither does it have any documents for that period related to procedures used in checking and verifying that water meters located in sidewalks in San Juan have covers in place. *Id.*, at ¶ 14. PRASA's procedure is to inspect and repair its facilities as needed and based on reported complaints, addressing deficiencies as complaints are received. *Id.*, at ¶ 13.

## IV. Discussion

Plaintiff seeks partial summary judgment on the issue of PRASA's liability under Puerto Rico law. Although barely spelled out in her motion and reply, plaintiff's theory of negligence

is that PRASA had a legal duty to maintain its facilities and to avoid exposing the public to reasonably foreseeable risks such as, in this case, an uncovered meter box in a public sidewalk. She argues that PRASA breached this duty, which in turn caused her damages when she inadvertently stepped in the uncovered meter box and injured her ankle.

Defendants' response, unadorned as it is, raises four points. First, that the provision of law cited by plaintiff does not establish an affirmative duty to have a "preventive maintenance program" in place. **ECF No. 23** at 6. Second, that the Puerto Rico Supreme Court ("PRSC") case law cited by plaintiff (*Ginés v. Autoridad de Acueductos y Alcantarillados*, 86 P.R. Dec. 518 (1962); *Ramos v. Carlo*, 85 P.R. Dec. 353 (1962)) does not impose on PRASA a general duty of preventive care and only imposes liability when there is a "defect" in a PRASA-owned water meter. *Id.*, at 6-7. Third, that the primary duty to maintain the safety of sidewalks used by the public falls on the municipality or state government, citing *Del Toro v. Gobierno de la Capital*, 93 P.R. Dec. 481 (1966) and *Oliver v. Mun. de Bayamón*, 89 P.R. Dec. 442 (1963).[2] *Id.*, at 7. Fourth, that the mere fact that a water meter is missing its cover does not operate to impose automatic liability on PRASA

[2] Defendants also cited a more recent case, *González v. Mun de San Juan*, 212 P.R. Dec. 601 (2023), for which an official translation is not available. Parties have an obligation to submit English-language translations of all statutes, rules, and judicial decision they wish the Court to consider. *See* L. Civ. R. 5(c); *Kenyon v. Cedeno-Rivera*, 47 F.4th 12, 19 (1st Cir. 2022) (citing *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir. 2008) for the rule that "the parties have an obligation to provide certified translations of any Spanish-language documents on which they rely"). The Court is thus impeded from considering *González* at this juncture. Nonetheless, official translations for the other handful of material cases cited in the parties' arguments (*Ginés, Ramos, Del Toro, Oliver, Márquez*) are available on LexisNexis, although some of these translations lack enumerated pages. Therefore, pinpoint citations to specific pages of these opinions will be to the equivalent Spanish version.

for damages arising out of the lack of a cover, and they allude to doubt as to whether PRASA was aware of the alleged dangerous condition. *Id.*

Plaintiff premises this Court's jurisdiction on diversity of citizenship. 28 U.S.C. § 1332(a). As a court sitting in diversity, Puerto Rico tort law governs the dispute. *See, e.g.*, *Torres-Ronda v. Nationwide Mut. Ins. Co.*, 18 F.4th 80, 84 n.4 (1st Cir. 2021); *Rodríguez v. Señor Frog's de la Isla, Inc.*, 642 F.3d 28, 36 (1st Cir. 2011). Puerto Rico's general tort statute, Article 1536 of the Puerto Rico Civil Code of 2020, 31 L.P.R.A. § 1081[3], requires that a claimant establish: "(1) evidence of a physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." *González-Cabán v. JR Seafood Inc.*, 48 F.4th 10 (1st Cir. 2022) (quoting V*ázquez-Filippetti v. Banco Popular de P.R.*, 504 F.3d 43, 49 (1st Cir. 2007)). Of relevance to plaintiff's motion is the second element.

When the alleged fault or negligence consists of an omission, there must be a legal duty to act. *See Calderón-Amézquita v. Rivera-Cruz*, 158 F.4th 54, 88 (1st Cir. 2025). "A legal duty may arise from one of several sources: (1) 'by a statute, regulation, ordinance, bylaw or contract'; (2) 'as the result of a traditionally recognized duty of care particular to the situation'; or (3) 'as the

[3] The current version of the Puerto Rico Civil Code, Act No. 55 of June 1, 2020, codified as 31 L.P.R.A. §§ 5311-11722, and applicable to the facts of the case, entered into force on November 28, 2020, repealing the previous 1930 Civil Code. *See Rivera-Rosario v. LSREF2 Island Holdings, Ltd., Inc.*, 79 F.4th 1, 5 n.1 (1st Cir. 2023). However, the current version of the Civil Code has yet to be officially translated into English, which is why the Court will cite to the annotated Spanish-language compilation, "*Leyes de Puerto Rico Anotadas*" ("L.P.R.A.") and not the English-language compilation, "Puerto Rico Laws Annotated" ("P.R. Laws Ann.").

result of a special relationship between the parties that has arisen through custom[.]'" *Wilson v. Iguana Sport Servs., Corp.*, 182 F.4th 43, 51 (1st Cir. 2026) (quoting *De Jesús-Adorno v. Browning Ferris Indus. of P.R., Inc.*, 160 F.3d 839, 842 (1st Cir. 1998)). "Breach of duty has, as its name implies, two sub-elements: duty and breach." *Vázquez-Filippetti*, 504 F.3d at 49 (1st Cir. 2007). "In most cases, the duty is defined by the general rule that one must act as would a prudent and reasonable person under the circumstances." *Id.* (citing *Ortiz v. Levitt & Sons of P.R., Inc.*, 1 P.R. Offic. Trans. 407, 101 D.P.R. 290 (1973)). That well-established rule is codified in Article 1163 of the Puerto Rico Civil Code of 2020, (equivalent to Article 1057 of 1930 Code, P.R. Laws Ann. t. 31, § 3021 (repealed)), which defines fault or negligence as "the omission of the steps which may be required by the character of the obligation and which may pertain to the circumstances of the persons, time, and place. Should the obligation not state what conduct is to be observed in its fulfilment, that observed by a prudent and reasonable person shall be required." 31 L.P.R.A. § 9314 (Court's translation).[4]

Plaintiff places the source of PRASA's legal duty in section 4 of its enabling act, Act No. 40 of May 1, 1945, which establishes the utility's purposes and powers. P.R. Laws Ann. t. 22, § 144. That provision, however, does not impose on PRASA an affirmative legal duty to monitor and repair facilities like water meters, as it appears to have for fire hydrants. *Compare id.*, § 144(j) (empowering PRASA to "make and enforce" rules and regulations for the maintenance and

---

[4] This translation is based on the now-repealed Article 1057 of the 1930 Code, which is almost textually identical to the relevant parts of Article 1163 of the 2020 Code. The only difference is the substitution in Article 1163 of the phrase "good father of a family" for "prudent and reasonable person."

operation of its properties and facilities) *with* § 144(r) (empowering PRASA "to repair hydrants"); *see also Del Valle v. Puerto Rico Aqueduct & Sewer Auth.*, No. CV 25-1062 (JAG), 2026 WL 800378 (D.P.R. Mar. 20, 2026) (relying on section 4(r) to reject argument on motion to dismiss that PRASA has no ministerial duty to inspect and maintain fire hydrants).[5] Neither does section 4 call on PRASA to answer plaintiff for damages caused by a lack of maintenance over its facilities. In short, PRASA's enabling act is of little help to plaintiff.

Plaintiff's resort to case law, on the other hand, gets her a little further down the path of imposing an affirmative duty of care on PRASA, but not as far as she would like. Starting with her reply, plaintiff cites to *Márquez v. P.R. Tel. Co.*, 88 P.R. Dec. 429 (1963) for the proposition that PRASA, as a public services company, must employ "the highest degree of inspection and constant surveillance of its facilities" when installing its equipment on public property. **ECF No. 24** at 4. That portion of *Márquez*, however, concerned the application of the common law doctrine of *res ipsa loquitur*, whose direct application in Puerto Rico tort law was disclaimed by the PRSC in *Admor. F.S.E. v. Almacén Ramón Rosa*, 151 P.R. Dec. 711 (2000).[6] Therefore, when the PRSC in *Márquez* stated that "[t]he duty not to cause damage requires companies using public or private property for installing their appliances to exercise the maximum degree of inspection and

---

[5] The Court is aware that PRASA Regulation No. 8901 establishes PRASA's ownership over facilities like water meters on public sidewalks and may be read to impose on it and its clients certain obligations regarding their maintenance. But plaintiff made no effort to base her arguments on this document and there is no publicly available English-language translation. The Court will therefore not rely on this authority.

[6] More specifically, the PRSC determined that the relevant civil law principles and evidentiary rules on circumstantial evidence achieved much of what the common law doctrine of *res ipsa loquitur* provided without imposing an automatic presumption of negligence on a defendant.

continuous vigilance of its installations," it was under the supposition that the fault or negligence of the alleged tortfeasor was to be presumed. *Márquez*, 88 P.R. Dec. at 441. The injury in that case stemmed from a broken telephone pole whose base appeared to have been rotten, and the telephone public utility company was found negligent because it did not "establish that it did its duty to inspect and survey as it was bound to do, thereby preventing the occurrence of an act which ordinarily should not have occurred"—*i.e.*, *res ipsa loquitur*. *Id.*, at 442. Without minimizing the sentiment there expressed, the Court is loath to take the *Márquez* statement as a binding, on-point expression of law reflecting PRASA's duty of care with regards to its water meter boxes.

The same can be said of plaintiff's resort to *Ramos v. Carlo*, 85 P.R. Dec. 353 (1962), where the PRSC recognized that "public sidewalks constitute or should constitute a privileged place for pedestrians in the safety of their persons." *Ramos*, 85 P.R. Dec. at 364. But that was said in relation to the PRSC's rejection of the trial court's finding that the plaintiff bore an equal share of the blame for her own damages when she tripped on debris placed in the sidewalk by a local merchant. Again, the Court has no objection to the expression as a description of general duties of care inherent to sidewalks, but it is far from a statement on a legal standard or duty of care opposable to PRASA—particularly when no one has claimed that PRASA is responsible for monitoring and maintaining the conditions of the sidewalk (as opposed to its water meters).

At best, these inform the duty of care a "reasonable and prudent person" should be held to under Article 1163 of the 2020 Civil Code in the particular case of sidewalks. Indeed, this is

where defendants' reference to case law on municipal liability for injuries caused by unkept sidewalks becomes relevant. The PRSC in *Oliver v. Mun. de Bayamón*, 89 P.R. Dec. 442 (1963), made clear that municipalities were "required to maintain their streets and sidewalks in conditions of reasonable safety," but were neither "insurers of pedestrians nor . . . required to keep the sidewalks in perfect conditions." *Oliver*, 89 P.R. Dec. at 444. Later, in *Del Toro v. Gobierno de la Capital*, 93 P.R. Dec. 481 (1966), the PRSC explained that municipalities "are bound to maintain their streets and sidewalks in reasonably safe condition for the persons who usually travel thereon." *Del Toro*, 93 P.R. Dec. at 484. The PRSC recognized two important caveats to this general duty: first, that municipal liability only attaches when the municipality knew (or should have known) of the dangerous condition present on the sidewalk, and second, that a third party who causes said condition by placing an obstruction or causing a defect in the sidewalk is also liable to the injured party. In that case, the obstruction was placed on the sidewalk by none other than PRASA and consisted of a slippery, three-square-foot metal cover or plate, for which it placed no barriers, signs, or warnings. *Id.*, at 482. PRASA admitted to having the full ownership, custody, and control of the metal plate. The PRSC observed that "if the condition of the metal cover or plate installed in the sidewalk was dangerous or unsafe for the pedestrians . . . then [PRASA] as well as the Government of the Capital would be liable." *Id.*, at 485.[7]

[7] Defendants off-handedly suggest in their opposition that the street at issue is a "state" street and that the primary duty to maintain the sidewalk belongs to the Commonwealth of Puerto Rico or its Department of Public Works and Transportation. **ECF No. 23** at 7. However, they point the Court to no admission or evidence on record supporting their characterization of the street at issue as a "state" street.

This brings the discussion to *Ginés v. Autoridad de Acueductos y Alcantarillados*, 86 P.R. Dec. 518 (1962), which is closer to the point. There, the PRSC found PRASA liable for damages caused by a poorly installed water meter that protruded several inches above a sidewalk, reasoning that "the installation and maintenance of the water meter in the above-described way was a dangerous condition." *Ginés*, 86 P.R. Dec. at 521 (citing *Ramos*). The court in *Ginés* held PRASA liable for the damages caused by a poorly installed water meter. However, key to its ruling was the fact that PRASA knew of the water meter's protuberance over the sidewalk's surface because it had installed it that way. On the contrary, it has not been established here that the water meter was installed defectively, only that its cover was missing at the time of the accident. PRASA's liability, therefore, is not objective or absolute in the sense that it would answer automatically for all damages caused by its property on public sidewalks. It depends on whether PRASA knew (or should have known) that its actions or omissions created a dangerous condition.[8]

That question, then, requires an inquiry into what is reasonably foreseeable:

> Foreseeability is a component of the 'breach' sub-element because a defendant only breaches his duty if he acted (or failed to act) in a way that a reasonably prudent person would foresee as creating undue risk. . . . In other words, a person breaches the duty of reasonable care when his actions create reasonably foreseeable risks. A plaintiff, then, must show the foreseeable risks created by defendant's acts or omissions in order to carry his burden as to this element of a tort claim.

[8] To be clear, plaintiff's claim is not one seeking to impute absolute liability on PRASA for damages caused by a faulty or defective water meter. That is what defendants seem to argue that plaintiff's legal theory amounts to, an attempt to impose a sort of objective or absolute liability on PRASA for damages caused by uncovered water meter boxes. **ECF No. 23** at 7. That type of liability is governed by Articles 1541 to 1544 of the 2020 Civil Code, 31 L.P.R.A. §§ 10806-10809, and does not require proof of fault or negligence, which by extension implies that there is no need to establish breach of duty. But none of the situations included in said articles applies to plaintiff's claims.

*Vázquez-Filippetti*, 504 F.3d at 49 (citations omitted). Plaintiff seeks to establish that, without an active maintenance and monitoring program in place, it was reasonably foreseeable that the water meter box would have (somehow) lost its cover and exposed pedestrians to a dangerous hole in the sidewalk. The evidence presented by plaintiff on summary judgment does not lend itself to this conclusion, particularly when the court must view the evidence and draw all reasonable inferences in favor of non-movant PRASA. *Quintana-Dieppa v. Dep't of Army*, 130 F.4th 1, 7 (1st Cir. 2025). On this record, foreseeability is not uncontested and is a matter better left to a jury.

**V. Conclusion**

For the reasons set forth above, the Court **DENIES** plaintiff's motion for summary judgment at **ECF No. 19**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 22nd day of September 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**